HOWARD H. BALDRIGE ET AL., APPELLEES, v. JOHN COFFMAN ET AL., APPELLEES, IMPLEADED WITH JOHN R. CONKLIN, APPELLANT.

FILED MARCH 2, 1904. No. 13,276.

Partition: STATEMENT OF ACCOUNT. Where an action in partition involves an accounting of transactions between the parties extending over a long series of years, it is the duty of the trial court, by himself or a referee, to state the account, giving the items or classes of items and sums credited and charged to the respective parties, and the facts, in his opinion, affording a reason therefor, so that this court may form a judgment as to whether the conclusion reached is justified by the law and the evidence.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed in part.*

*Billingsley & Greene* and *R. H. Hagelin,* for appellant.

*Baldrige & De Bord* and *T. J. Doyle, contra.*

DUFFIE, C.

This is an action for partition. The real estate involved formerly belonged to Samuel Coffman and John R. Conklin. In 1884 these parties formed a partnership to own and operate a stock farm near Denton in Lancaster county, Nebraska, to buy, feed and sell cattle, hogs and horses. This partnership continued to transact business until some time in 1895, and no settlement of the partnership accounts was ever had between them. Conklin conveyed a one-half interest in the land to Mr. Baldrige, and Samuel Coffman conveyed a one-half interest to his son John Coffman. Baldrige, after obtaining his interest, conveyed one-half thereof to Mr. De Bord, and these parties brought this action to obtain partition of the land. One Thompson intervened, claiming a lien upon the land because of certain sales for delinquent taxes at which he was the purchaser. As his lien was established and allowed by the court, it will not be necessary to make any further reference thereto. Pending the suit Samuel Coffman died, and the case has been revived in the name of his heirs. These heirs claim that the land was part of the partnership assets of Coffman & Conklin, and that whatever interest Baldrige obtained by his deed from Conklin was subject to the payment of a debt of $30,000 or more, due to Samuel Coffman from the partnership of Coffman & Conklin. On the other hand, John R. Conklin claims that the partnership of Coffman & Conklin is indebted to him in a sum aggregating something like $40,000, that the land was part of the partnership assets and is subject to the payment of that claim. On the trial, the court found that the land was not partnership property but that Conklin and Coffman each owned an undivided one-half interest therein, and, in relation to the accounting asked for, the decree

recites: "And the court finds against the said John R. Conklin and John Coffman, Mary Coffman, Blanche Coffman, Charles Coffman, Gertrude Caine, Annette Morris, Kate C. Hale, William Coffman, administrator of the estate of Samuel Coffman, deceased, Rollo Moore, T. J. Doyle, guardian *ad litem* of Rollo Moore, upon the several petitions for an accounting, and that there is not sufficient evidence before the court upon which to make the accounting asked for therein." And it was decreed that the petition of the parties for an accounting be dismissed, without prejudice to a new action. From this finding and decree John R. Conklin has appealed.

We are inclined to believe that the court erred in dismissing the parties from court without making an accounting, and, until the accounting is made and it is determined whether there is anything due from one partner to the other, it would be useless to determine the legal rights of the parties to the land in question. If there was not sufficient evidence before the trial court to enable it to state an account between the parties in a satisfactory manner, we are certainly in no position to review the case if, in fact, there is any question for us to review. In *Hanson v. Hanson,* 4 Neb. (Unof.) 880, we have said:

"When an action in partition involves an accounting of transactions between the parties extending over a long series of years, it is the duty of the trial court, by himself or a referee, to state the account, giving the items or classes of items and sums credited and charged to the respective parties, and the facts, in his opinion, affording a reason therefor, so that this court may form a judgment as to whether the conclusion reached is justified by the law and the evidence."

In this case the partnership continued in business for ten years or more, no settlement having been made during that time. Accounts aggregating nearly a half million dollars are involved. Without any finding by the court as to what should be allowed or disallowed, with no opportunity for attorneys to point out errors made by the trial

court in allowing or disallowing one or several items on one side or the other of the account, with a distinct refusal of the court to pass upon the question at all because of the unsatisfactory state of the evidence, we are asked to take up the case and try it as an original action. This we can not consent to do. We have none too much time to devote to specific errors pointed out by parties who feel themselves aggrieved by the rulings of the district court when such rulings are made and, as in the *Hanson* case, we are compelled to recommend that the case be remanded to the district court, with orders to state an account between John R. Conklin and the heirs of Samuel Coffman, and to make a finding of facts showing the items allowed and disallowed on the account of each.

As the parties have acquiesced in the judgment of the district court so far as it established the tax lien claimed by Thompson, and finding Baldrige & De Bord the owners in fee of one-half of the land involved in the controversy, we recommend that the judgment of the district court be affirmed to the extent that it finds Thompson entitled to a lien for taxes and Baldrige & De Bord the absolute owners of a one-half interest in said land, and that it be reversed and remanded for a statement of the account between John R. Conklin and the heirs of Samuel Coffman.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is affirmed in so far as it establishes a tax lien in the land in suit in favor of Thompson and in so far as it establishes the right of Baldrige & De Bord to a one-half interest in said land, and is reversed and remanded to the district court, with directions to state an account between John R. Conklin and the heirs of Samuel Coffman.

JUDGMENT ACCORDINGLY.